UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES L. ORRINGTON, II, DDS, PC, on behalf of himself and a class,<br><br>      Plaintiff,<br><br>  v.<br><br>ZOCDOC, INC. and<br>JOHN DOES 1-10,<br><br>      Defendants. | Case No. 12-CV-8747<br><br>Judge John F. Grady<br><br>Magistrate Judge Arlander Keys |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

             Blaine C. Kimrey (ARDC No. 6279625)
             bkimrey@lathropgage.com
             Jeffery S. Davis (ARDC No. 6277345)
             jdavis@lathropgage.com
             Bryan K. Clark (ARDC No. 6296090)
             bclark@lathropgage.com
             155 N. Wacker Drive
             Suite 3050
             Chicago, IL 60606
             Telephone: (312) 920-3300
             Facsimile:  (312) 920-3301

             Attorneys for defendant ZocDoc, Inc.

January 14, 2013

## **TABLE OF CONTENTS**

I.  SUMMARY OF ARGUMENT ........................................................................... 1

II. LEGAL STANDARDS ..................................................................................... 2

III. ARGUMENT ..................................................................................................... 3

    A.    There is no private action under the TCPA (Count I) for failure to include an opt-out notice. ....................................................................... 3

        1.    There is no private action for failure to include an opt-out notice on faxes, whether solicited or unsolicited. .............. 3

        2.    There is no private right of action for failure to include an opt-out notice on solicited faxes. ............................................. 5

    B.    Even if there were a private action for failure to include an opt-out notice, the opt-out notices were sufficient. .................................... 7

    C.    Sending a fax is not an "unfair practice," so the ICFA claim (Count II) should be dismissed. ............................................................... 8

    D.    The conversion claim (Count III) should be dismissed because the alleged harm is *de minimis*. ................................................................ 9

IV. CONCLUSION ............................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adler v. Vision Lab Telecomms., Inc.*,
   393 F. Supp. 2d 35 (D.D.C. 2005) ...............................................................................4

*Boydston v. Asset Acceptance LLC*,
   496 F. Supp. 2d 1101 (N.D. Cal. 2007)........................................................................4

*Brandt v. Board of Education of City of Chicago*,
   480 F. 3d 460 (7th Cir. 2007)................................................................................. 9, 10

*Centerline Equip. Corp. v. Banner Personnel Service, Inc.*,
   545 F. Supp. 2d 768 (N.D. Ill. 2008).................................................................. 8, 9, 10

*Clearbrook v. Rooflifters,*
   2010 WL 2635781 (N.D. Ill. June 28, 2010) ..............................................................5

*G.M. Sign, Inc. v. Elm Street Chiro., Ltd.*,
   2012 WL 1739170 (N.D. Ill. May 15, 2012) .......................................................... 8, 9

*Green v. Anthony Clark Int'l Ins. Brokers, Ltd.*,
   2009 WL 2515594 (Aug. 17, 2009) ............................................................................9

*Hickey v. O'Bannon*,
   287 F.3d 656 (7th Cir. 2002)........................................................................................2

*Holmes v. Back Doctors, Ltd.*,
   695 F. Supp. 2d 843 (S.D. Ill. 2010) ...........................................................................3

*Klein v. Vision Lab Telecomms., Inc.*,
   399 F. Supp. 2d 528 (S.D.N.Y. 2005) .................................................................... 3, 4

*Landsman & Funk, P.C. v. Lorman Business Center, Inc.*,
   2009 WL 602019 (W.D. Wis. March 9, 2009) ..........................................................7

*Leyse v. Clear Channel Broadcasting, Inc.,*
   2012 WL 3854783 (6th Cir. 2012)..............................................................................7

*Magana Cathcart McCarthy v. CB Richard Ellis, Inc.*,
   174 Cal. App. 4th 106 (Cal. App. 2d Dist. 2009).......................................................7

*Miller v. Painters Supply & Equip. Co.*,
   2011 WL 3557018 (Ohio App. 8th Dist. Aug. 11, 2011)...........................................5

*Nack v. Walburg*,
   2011 WL 310249 (E.D. Mo. Jan. 28, 2011) ...................................................... 5, 6, 7

*Old Town Pizza of Lombard, Inc. v. Corfu-Tasty Gyro's, Inc.*,
   2012 WL 638765 (N.D. Ill. Feb. 23, 2012) ............................................................. 8

*Pollack v. Cunningham Fin. Group*, LLC
   2008 WL 4874195 (N.D. Ill. June 2, 2008) .......................................................... 10

*Pugh v. Tribune Co.*,
   521 F.3d 686 (7th Cir. 2008) .................................................................................. 3

*Quality Mgt. & Consulting Servs., Inc. v. SAR Orland Food Inc.*,
   2012 WL 2128327 (N.D. Ill. June 11, 2012) .......................................................... 9

*R. Rudnick & Co. v. G.F. Protection, Inc.*,
   2009 WL 112380 (N.D. Ill. Jan. 15, 2009) ........................................................... 10

*Robinson v. Toyota Motor Credit Corp.*,
   201 Ill. 2d 403 (Ill. 2012) ........................................................................................ 2

*Rossario's Fine Jewelry, Inc. v. Paddock Pubs., Inc.*,
   443 F. Supp. 2d 976 (N.D. Ill. 2006) ............................................................. 2, 8, 9

*Sadowski v. Med1 Online, LLC*,
   2008 WL 2224892 (N.D. Ill. May 27, 2008) ........................................................ 10

*Savannah Group, Inc. v. Truan*,
   2011 WL 703622 (N.D. Ill. Feb. 22, 2011) .......................................................... 10

*Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*,
   633 F. Supp. 2d 610 (N.D. Ill. 2009) ...................................................... 2, 9, 10, 11

*Western Ry. Devices Corp. v. Lusida Rubber Prods., Inc.*,
   2006 WL 1697119 (N.D. Ill. June 13, 2006) ................................................. 2, 8, 9

**STATUTES**

815 ILCS 505/10a(c) ........................................................................................................ 9

28 U.S.C. § 2342(1) ......................................................................................................... 7

47 U.S.C. § 227 .......................................................................................................*passim*

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200 ........................................................................................................ 6

47 C.F.R. § 68.318 ........................................................................................................... 3

71 F.R. 25967-01 ............................................................................................................. 6

iii

Fed. R. Civ. P. 10(c) ................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 10

iii


I. **SUMMARY OF ARGUMENT**

Plaintiff allegedly received two one-page faxes from defendant ZocDoc, Inc. (Compl. ¶¶ 10, 11; Exs. A, B). The faxes offer Plaintiff information about ZocDoc's patient network. (Compl. Exs. A, B). They also contain conspicuous removal information—"To stop receiving faxes, please call (866) 975-3308"—but Plaintiff claims this removal notice is deficient (Compl. ¶ 18). Sending these two faxes is all that ZocDoc has allegedly done wrong, and the loss of paper and toner is the only harm Plaintiff claims to have suffered. ZocDoc is not the only target of Plaintiff's lawsuits—over the two days spanning November 1 and 2, 2012, Plaintiff filed this and three additional lawsuits in this District.[1]

Plaintiff alleges ZocDoc sent the same faxes to others (as part of a "mass broadcasting") and seeks to represent a class as to each count in its three-count Complaint. (Compl. ¶¶ 29-36; 46-52; 50-66). But each count fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). First, Plaintiff sues under the Telephone Consumer Protection Act, which forbids "unsolicited [fax] advertisements" 47 U.S.C. § 227(a)(5).[2] But rather than focusing the class definition on the alleged "unsolicited" nature of the faxes, Plaintiff claims the TCPA was violated because the fax does not contain an adequate "opt-out" notice. (Compl. ¶¶ 18, 29).[3] The TCPA affords

---

[1] *See Orrington v. DC Dental Supplies, LLC* (12-CV-08748) (Shadur, J.); *Orrington v. Dental Resource Systems, Inc.* (12-CV-08790) (Tharp, J.); *Orrington v. Hiossen, Inc.* (12-CV-08796) (Darrah, J.).

[2] The TCPA allows a prevailing plaintiff to recover up to $1,500 ***per unsolicited facsimile***. 47 U.S.C. § 227(b)(3). Defendant disputes that these faxes are "unsolicited advertisements" within the TCPA's definition, but at this point does not move to dismiss on this ground.

[3] None of the three class definitions even includes the word "unsolicited." (Compl. ¶¶ 29, 46, 60).

1

no claim for this alleged deficiency, and in any case, the notice accurately and succinctly tells the recipient how to avoid future faxes.

The second count asserts a violation of the Illinois Consumer Fraud Act, which requires a plaintiff to allege an "unfair practice." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417-18 (Ill. 2012). (Plaintiff accuses ZocDoc of "unfair acts and practices" under ICFA; Compl. ¶¶ 38, 40). But the sending of a one-page fax is not an "unfair practice" under ICFA because the conduct is not "immoral, unethical, oppressive, or unscrupulous," nor does it constitute a "substantial injury." *Western Ry. Devices Corp. v. Lusida Rubber Prods., Inc.*, 2006 WL 1697119, *5 (N.D. Ill. June 13, 2006) (dismissing ICFA claim based on unwanted fax).

Finally, Plaintiff sues ZocDoc for conversion, accusing ZocDoc of depriving him of the ink, toner and paper used to print the two one-page faxes. (Compl. ¶¶ 54-56). As one Court within this District said in dismissing a conversion claim based on a one-page fax: "The ancient maxim '*de minimis non curat lex*' might well have been coined for this occasion." *Rossario's Fine Jewelry, Inc. v. Paddock Pubs., Inc.*, 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006). Another court described a conversion claim based on a one-page fax as "akin to taking someone else's pen and notebook without their permission and writing some notes on one sheet of paper." *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 617 (N.D. Ill. 2009). The Complaint should be dismissed with prejudice.

## II.  LEGAL STANDARDS

"[D]ismissal of a complaint for failure to state a claim is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim on which relief may be granted." *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002).

2

Surviving a motion to dismiss requires "more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). In fact, "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Id.* The attached faxes are considered part of the Complaint. Fed. R. Civ. P. 10(c).

### III. ARGUMENT

#### A. There is no private action under the TCPA (Count I) for failure to include an opt-out notice.

##### 1. There is no private action for failure to include an opt-out notice on faxes, whether solicited or unsolicited.

The Court should dismiss Count I because it seeks relief based on ZocDoc's alleged failure to include an opt-out notice. The opt-out notice requirement does not create a private cause of action because it incorporates the "technical and procedural standards" under the TCPA. *See* 47 U.S.C. § 227(d); 47 U.S.C. § 227(b)(2)(D)(vi) ("[A] notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if—the notice complies with the requirements of subsection (d) of this section."). That portion of the TCPA—which makes it unlawful to initiate communication using a fax machine that does not comply with the technical procedural standards of the TCPA—does not create a private right of action.

As another federal court has noted, "the vast majority of courts that have addressed whether a private right of action exists under 47 U.S.C. § 227(d) and 47 C.F.R. § 68.318 have concluded that it does not." *Holmes v. Back Doctors, Ltd.*, 695 F. Supp. 2d 843, 854-55 (S.D. Ill. 2010) ("[A]lthough Congress created a private right of action under subsection (b) and subsection (c) of 47 U.S.C. § 227, it did not create such a right under subsection (d) of the statute."); *see also Klein v. Vision Lab Telecomms., Inc.*, 399

3

F. Supp. 2d 528, 540 (S.D.N.Y. 2005) ("It is not the province of the court to add private rights of action not clearly authorized by Congress."); *Adler v. Vision Lab Telecomms., Inc.*, 393 F. Supp. 2d 35, 38-39 (D.D.C. 2005) ("The private right of action established by § 227(b)(3) limits the right to 'an action based on a violation of this subsection [i.e., subsection (b)] or the regulations prescribed under *this subsection*.'") (emphasis in original); *Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1106 (N.D. Cal. 2007) ("[T]he remedy for violations of the procedural and technical standards confers no private right of action.").

Rather, claims based on these technical requirements are left to the discretion of state and federal officials. "The TCPA empowered citizens to sue for relief from the problem created by the *receipt* of unsolicited fax advertisements, not for deficiencies in the faxes received. . . . [U]nder the TCPA, it is the province of state attorneys general and the F.C.C. to sue fax broadcasters for technical violations." *Klein*, 399 F. Supp. 2d at 539-40 (emphasis in original).

Because the opt-out notice provision incorporates the technical and procedural aspects of the statute, it does not create a private right of action. "Nothing in the legislative history indicates an intent on the part of Congress to turn each annoyed fax recipient into an individual F.C.C. enforcer. Nor would such a result, even if intended, likely put a stop to faxed advertisements; the advertising transmissions would merely be a few lines longer." *Id.* at 540. Although ZocDoc denies that Plaintiff is entitled to any relief, it certainly is not entitled to recovery based on technical flaws. "Allowing separate recovery for each and every technical violation alleged would create a windfall for plaintiffs clearly not in the contemplation of Congress." *Id.* Accordingly, because Count

4

I seeks relief based on ZocDoc's alleged failure to include an opt-out notice in the faxes, that count should be dismissed, with prejudice.

### 2. There is no private right of action for failure to include an opt-out notice on solicited faxes.

Even if the Court finds that Plaintiff can challenge the alleged technical deficiencies in the allegedly unsolicited faxes, the Court should dismiss Count I because it seeks relief based on inadequate opt-out notices in *solicited* faxes. Plaintiff seeks to represent a class of all persons to whom ZocDoc ever sent a fax "promoting its goods or services for sale … and who were not provided an 'opt-out' notice as described in 47 U.S.C. § 227." (Compl. ¶ 29). This class definition would include people who had specifically requested information by fax from ZocDoc (and presumably had no intent to sue the company). It would also include customers, vendors and suppliers with whom ZocDoc regularly communicates by fax. In short, nearly everyone who received a fax from ZocDoc for the past four years would now be suing ZocDoc—merely for having failed to include a "proper" opt-out notice under the TCPA.

Courts have held that an opt-out notice is not required when a fax was sent after express approval of the recipient. *See Nack v. Walburg*, 2011 WL 310249, *1 (E.D. Mo. Jan. 28, 2011) (holding that the FCC regulation at issue applies only to unsolicited faxes); *Miller v. Painters Supply & Equip. Co.*, 2011 WL 3557018, *2 (Ohio App. 8th Dist. Aug. 11, 2011) ("[P]laintiffs' proposed definition of the class was premised on the belief that all faxed advertisements contain an opt-out notice; however, the TCPA applies only to unsolicited fax advertisements."). "Simply put, the [FCC regulations], and the opt-out notice requirements thereunder, do not apply to fax transmissions unless they constitute unsolicited advertisements." *Miller,* 2011 WL 3557018 at *4; *see also Clearbrook v.*

5

*Rooflifters,* 2010 WL 2635781, *4 (N.D. Ill. June 28, 2010) ("[T]here is little case law to support the theory that a plaintiff can proceed with a TCPA claim when he or she has explicitly consented to the fax advertisement.").

Allowing a TCPA claim when a *solicited* fax advertisement does not contain an opt-out notice would lead to unjust results: A recidivist TCPA litigant—such as Plaintiff—could request faxes from businesses, only to sue them if the fax contained no opt-out notice. Inducing innocent companies to violate the TCPA was not the intent of Congress in passing the TCPA.

Regulations "must of course be 'interpreted so as to harmonize with and further and not to conflict with the objective of the statute [they] implement.'" *Nack*, 2011 WL 310249 at *4. "A regulation should be interpreted in a manner that effectuates its central purposes." *Id*. The court in *Nack* held that 47 C.F.R. § 64.1200 is clear on its face because "[t]he paragraph requiring the opt-out notice [47 C.F.R. § 64.1200(a)(3)(iv)], on which Plaintiff relies, is under the paragraph that prohibits the sending of an 'unsolicited' fax advertisement [47 C.F.R. § 64.1200(a)(3)(iii)]." *Id*. But even if the regulation were ambiguous, the court's interpretation is supported by the FCC's own explanation. "[T]he FCC states several times that its rule requiring an opt-out notice applies to all *unsolicited* fax advertisements." *Id.* (emphasis in original); *see also* 71 F.R. 25967-01, 25976 ("[T]he Commission requires that all *unsolicited* facsimile advertisements contain a notice on the first page of the advertisement stating that the recipient is entitled to request that the sender not send any future *unsolicited* advertisements.") (emphasis added); 25971 ("[T]he opt-out requirement *only* applies to communications that constitute *unsolicited* advertisements.") (emphasis added). The Court should dismiss, with

6

prejudice, Count I because it seeks relief based on inadequate opt-out notices on solicited faxes.[4]

### B. Even if there were a private action for failure to include an opt-out notice, the opt-out notices were sufficient.

There are numerous technical requirements for TCPA-complaint opt-out notices.[5] Substantial compliance with these requirements is a valid defense. *See Landsman & Funk, P.C. v. Lorman Business Center, Inc.,* 2009 WL 602019, *7 (W.D. Wis. Mar. 9, 2009) (holding that a defendant's opt-out notice was sufficient even though it did not strictly comply with the statutory requirements); *Magana Cathcart McCarthy v. CB Richard Ellis, Inc.*, 174 Cal. App. 4th 106, 112 (Cal. App. 2d Dist. 2009) (reversing summary judgment on procedural grounds but noting that "substantial compliance is a defense to a claim for failure to comply with the opt-out mechanisms of the statute").

The ZocDoc faxes contain substantially compliant opt-out notices. Both state: "To stop receiving faxes, please call (866) 975-3308." (Compl. Exs. A & B). Any

---

[4] The *Nack* case is currently on appeal to the Eighth Circuit and is fully briefed. *See* Case No. 11-1460, Eighth Circuit Court of Appeals. The FCC has filed an *amicus* brief with the Eighth Circuit that criticizes the trial court ruling in *Nack*. *Id.*, at Docket Entry of 2/24/2012. The FCC also argues that the court in *Nack* overstepped its jurisdictional bounds because the Hobbs Act provides the federal circuit courts with exclusive jurisdiction to "enjoin, set aside, suspend (in whole or in part), or to determine the validity of—(1) all final orders of the [FCC] made reviewable by section 402(a) of title 47." 28 U.S.C. § 2342(1). However, the court in *Nack* held: "[T]he Court is not enjoining, setting aside, annulling, or suspending the FCC regulation in question. Rather the Court is simply holding the regulation, while wholly valid, does not apply to the facts of this case." 2011 WL 310249 at *6. Defendants agree with the analysis in *Nack* and believe that this Court (and the Eighth Circuit) should follow suit. *See also Leyse v. Clear Channel Broadcasting, Inc.,* 697 F.3d 360, 374 (6th Cir. 2012) (holding that Hobbs Act applies to a proceeding only where the "central object is [ ] to enforce or undercut an FCC order").

[5] A TCPA-compliant opt-out notice must: (1) be clear and conspicuous and on the first page of the fax, (2) state that the recipient may make an opt-out request, (3) explain that the sender must comply with the opt-out in the shortest reasonable time, (4) explain what must be included in a valid opt-out, (5) include a domestic contact telephone and fax machine number, as well as a cost-free opt-out mechanism, and (6) comply with the technical requirements of the TCPA. 47 U.S.C. § 227(b)(2)(D).

7

hdr
t

e

t

reasonable person would know how to avoid future faxes. (Plaintiff never opted out—rather, it collected the faxes to file this federal lawsuit.) To award damages because the faxes do not contain more detailed information about the opt-out process would elevate form over substance. The Court should find that the faxes contain opt-out notices substantially compliant with the opt-out requirements, and dismiss Count I, with prejudice.

### C. Sending a fax is not an "unfair practice," so the ICFA claim (Count II) should be dismissed.

This Court has held that as a matter of law, sending someone an unwanted fax does not support an ICFA claim. *Western Ry. Devices Corp. v. Lusida Rubber Prods., Inc.*, 2006 WL 1697119, *3-*6 (N.D. Ill. June 13, 2006). As this Court explained in *Western Railway*, sending a facsimile (with a "remove" number) is not actionable under ICFA because it is not oppressive behavior, and the cost of receiving and printing a fax is not a "significant harm." 2004 WL 1697119, *5-6. Many other courts within this District have reached the same conclusion.[6]

There are Northern District of Illinois cases that uphold ICFA claims based on unwanted faxes, but they are not persuasive. For example, the *Centerline* decision reasons that sending an unsolicited fax deprives a recipient of a choice because the recipient is forced to either turn off its fax machine or receive the unwanted fax. *Centerline Equip. Corp. v. Banner Personnel Service, Inc.*, 545 F. Supp. 2d 768, 780 (N.D. Ill. 2008). Even assuming an unwanted fax deprives a recipient of a choice, the

---

[6] *See e.g. G.M. Sign, Inc. v. Elm Street Chiro., Ltd.*, 2012 WL 1739170, *6 (N.D. Ill. May 15, 2012); *Old Town Pizza of Lombard, Inc. v. Corfu-Tasty Gyro's, Inc.*, 2012 WL 638765, *5 (N.D. Ill. Feb. 23, 2012); *Rossario's Fine Jewelry, Inc. v. Paddock Pubs., Inc.*, 443 F. Supp. 2d 976, 979 (N.D. Ill. 2006).

8

"deprivation" is trivial and cannot reasonably be considered oppressive conduct. *Quality Mgt. & Consulting Servs., Inc. v. SAR Orland Food Inc.*, 2012 WL 2128327, *4 (N.D. Ill. June 11, 2012); *G.M. Sign, Inc. v. Elm Street Chiro., Ltd.*, 2012 WL 1739170, *5 (N.D. Ill. May 15, 2012) ("Improperly interfering with one piece of G.M. Sign's paper, a tiny amount of its toner, and a trivial amount of its employees' time is not oppressive conduct"). And the decisions upholding ICFA claims commonly consider the aggregate harm allegedly suffered by the putative class. *See e.g., Centerline*, 545 F. Supp. 2d at 780; *Green v. Anthony Clark Int'l Ins. Brokers, Ltd.*, 2009 WL 2515594, *5 (Aug. 17, 2009). But merely asserting a class action cannot elevate receipt of a facsimile to a "substantial injury." Where a plaintiff fails to allege he personally suffered substantial injury under the ICFA, he cannot assert the claim on a class's behalf. *Western Ry.*, 2006 WL 1697119, *6.

As in *Western Railway*, Plaintiff's ICFA claim should be dismissed with prejudice.[7]

### D. The conversion claim (Count III) should be dismissed because the alleged harm is *de minimis*.

The law does not concern itself with trifles, *Brandt v. Board of Education of City of Chicago,* 480 F. 3d 460, 465 (7th Cir. 2007), and Plaintiff's conversion claim—which alleges the loss of paper and toner—should be dismissed. *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.,* 633 F. Supp. 2d 610, 615 (N.D. Ill. 2009); *Rossario's Fine Jewelry, Inc. v. Paddock Pubs., Inc.*, 443 F. Supp. 2d 976, 979 (N.D. Ill. 2006).

The *Stonecrafters* court aptly illustrated why the *de minimis* doctrine mandates

---

[7] The ICFA claim is important to Plaintiff because although the actual damages are minimal to non-existent, ICFA allows for recovery of attorneys' fees. *See* 815 ILCS 505/10a(c).

9

Rule 12(b)(6) dismissal of a conversion claim based on an unwanted fax:

> For example, if the defendant takes the plaintiff's inexpensive ballpoint pen and a notebook without his permission, uses the pen and one sheet of paper from the notebook to write a short letter, and then immediately returns the remainder of the plaintiff's supplies to him, the *de minimis* doctrine would be implicated. Technically, plaintiff still would have a claim for conversion based on the loss of the ink from the pen and the missing sheet of paper that was used to write the letter. However, this claim would be so insignificant or trifling that the *de minimis* doctrine would bar the plaintiff from proceeding on such claim.

633 F. Supp. 2d at 615.

Not all decisions within this District agree that conversion claims based on unwanted faxes are barred by the *de minimis* doctrine.[8] But many of those decisions erroneously consider the potential aggregate harm to the plaintiffs' putative classes.[9] As *Stonecrafters* correctly noted, the aggregate harm to the putative class cannot be considered if the plaintiff's claim is *de minimis* because a plaintiff must have a valid claim himself before he can represent a class. 633 F. Supp. 2d at 614 (citing *Chambers v. Am. Trans Air, Inc.*, 17 F. 3d 998, 1006 (7th Cir. 1994)). These courts also mistake the difference between nominal damages and the *de minimis* doctrine. An award of nominal damages "presupposes a violation of sufficient gravity to merit a judgment, even if significant damages cannot be proved." *Savannah Group, Inc. v. Truan,* 2011 WL 703622, *2 (N.D. Ill. Feb. 22, 2011) (quoting *Brandt,* 480 F. 3d at 465). On the other

---

[8] *See, e.g., Centerline Equip. Corp. v. Banner Personnel Service, Inc.*, 545 F. Supp. 2d 768 (N.D. Ill. 2008); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill. May 27, 2008); *Pollack v. Cunningham Fin. Group*, LLC, 2008 WL 4874195 (N.D. Ill. June 2, 2008); *R. Rudnick & Co. v. G.F. Protection, Inc.*, 2009 WL 112380 (N.D. Ill. Jan. 15, 2009); *G.M. Sign, Inc. v. MFG.com, Inc.*, 2009 WL 1137751 (N.D. Ill. April 24, 2009).

[9] Even if the potential damages of a class are considered, the "damages" are still a pittance. The aggregate harm to a class of 1,000 fax recipients would be about $20, and potentially even less. *Stonecrafters*, 633 F. Supp. 2d at 617 n.7 ("This calculation assumes a loss of $0.02 per page for each unauthorized fax advertisement. In the Court's view, the estimate of two cents per page may be too generous, given the ordinary cost of paper and toner, especially if the paper is purchased in bulk.")

hand, the *de minimis* doctrine bars claims where, as here, "the plaintiff has suffered no more than negligible damages from the beginning." *Stonecrafters*, 633 F. Supp. 2d at 615.

This Court should follow *Stonecrafters* and the other well-reasoned decisions from this District and dismiss the conversion claim with prejudice as *de minimis*.

### IV. CONCLUSION

In another noteworthy observation, the *Stonecrafters* court said:

> What started off as a dispute over the unauthorized use of a single sheet of paper from a fax machine has resulted, somewhat ironically, in the depletion of hundreds, if not thousands, of additional pieces of paper in furtherance of this litigation. It is with some hope of reducing the unnecessary state-law claims that are often brought in these "fax-blasting" cases that the court adds more pages to the burgeoning pile. . . . [T]his court will not entertain plaintiff's trivial claim of conversion.

633 F. Supp. 2d at 612-13.

That observation was limited to the plaintiff's tag-along conversion claim but aptly describes the essence of this dispute, which is about nothing more than two sheets of paper and some toner. Plaintiff has no ICFA or conversion claim for this trivial inconvenience. And although the TCPA could afford relief for a single-page "unsolicited [fax] advertisement" (Defendant disputes that its faxes are unsolicited advertisements), Plaintiff and its purported TCPA class are not entitled to relief for the supposedly "insufficient" opt-out notices. The Complaint should be dismissed, with prejudice.

11

| | |
|---|---|
| Dated: January 14, 2013 | Respectfully submitted, |
| | LATHROP & GAGE LLP |
| | */s/    Blaine C. Kimrey* |
| | Blaine C. Kimrey (ARDC No. 6279625)<br>bkimrey@lathropgage.com<br>Jeffery S. Davis (ARDC No. 6277345)<br>jdavis@lathropgage.com<br>Bryan K. Clark (ARDC No. 6296090)<br>bclark@lathropgage.com<br>155 N. Wacker Drive<br>Suite 3050<br>Chicago, IL 60606<br>Telephone: (312) 920-3300<br>Facsimile:  (312) 920-3301 |
| | **Attorneys for defendant ZocDoc, Inc.** |

## CERTIFICATE OF SERVICE

  I, Blaine C. Kimrey, hereby certify that on this 14th day of January, 2013, I electronically filed the preceding with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following registered users:

    Daniel A. Edelman   courtecl@edcombs.com
    Cathleen M. Combs   ccombs@edcombs.com
    Dulijaza Clark     jclark@edcombs.com
    James O. Latturner   jlatturner@edcombs.com
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
    120 S. LaSalle Street, 18th floor
    Chicago, Illinois 60603


             */s/  Blaine C. Kimrey*
             An attorney for ZocDoc, Inc.